IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY POSLEY,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:12-CV-587-Y |
| | § | |
| RODNEY W. CHANDLER, Warden,[1]<br>FCI-Fort Worth,<br>    Respondent. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Timothy Posley, Reg. No.11010-029, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

---

[1] Rodney W. Chandler has replaced Rebecca Tamez as Warden of FCI-Fort Worth, and, thus, is automatically substituted as respondent. The clerk of court is directed to docket and change the designation of the respondent accordingly.

C. PROCEDURAL HISTORY

On May 28, 2010, pursuant to a plea agreement, petitioner pleaded guilty to one count of Illegal Drug User in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), in the Northern District of Iowa. *United States v. Posley*, Criminal Docket for Case # 1:09-CR-55-LRR-1, entry # 32. At sentencing on September 16, 2010, the district court imposed a four-level increase to petitioner's base offense level pursuant to USSG § 2K2.1(b)(6), providing for a four-level enhancement "if the defendant used or possessed any firearm or ammunition in connection with another felony offense," and sentenced him to a 58-month term of imprisonment. (Resp't App. at 13) Petitioner filed this petition under § 2241 in this division, where he is currently incarcerated. He argues that his sentence was illegally enhanced under § 2K2.1(b)(6)(B) without a "valid factual basis," that the presence of the firearm at the scene was due to mere accident or coincidence, not to facilitate the drug possession offense, that he is actually innocent of the sentence, and that the enhancement thus represents a miscarriage of justice. (Pet. at 2-4) The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 1-3)

D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, petitioner must show

that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The inability to meet these requirements does not render § 2255 inadequate or ineffective. *Henderson v. Haro*, 282 F.3d 862, 863 (5th Cir. 2002). Moreover, § 2255 is not inadequate merely because a prisoner is unable to meet the requirements for bringing a § 2255 motion. *Tolliver*, 211 F.3d at 877 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner fails to show his claims are based on a retroactively applicable Supreme Court decision or that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or a § 2255 motion. Moreover, petitioner's claim that he is actually innocent of the sentence is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). The record does not reflect petitioner appealed his sentence or filed a § 2255 motion raising his present claims. The fact that petitioner may now be barred from filing a § 2255 motion under the statute of limitations does not render the § 2255 remedy inadequate. *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir. 2000); *Tolliver*, 211 F.3d at 877.

Petitioner has not demonstrated that his § 2241 petition falls within the savings clause of § 2255. Accordingly, this court lacks jurisdiction over the petition.

3

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 26, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 26, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

4

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December   **5**  , 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE